1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DANNY COOK,                          )   Case No. EDCV 11-29 JC
                                     )
                    Plaintiff,       )
                                     )   MEMORANDUM OPINION AND
        v.                           )   ORDER OF REMAND
                                     )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social               )
Security,                            )
                                     )
                    Defendant.       )
_____    )

I.      SUMMARY

        On January 13, 2011, plaintiff Danny Cook ("plaintiff") filed a Complaint

seeking review of the Commissioner of Social Security's denial of plaintiff's

application for benefits.  The parties have consented to proceed before a United

States Magistrate Judge.

        This matter is before the Court on the parties' cross motions for summary

judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

Court has taken both motions under submission without oral argument.  See Fed.

R. Civ. P. 78; L.R. 7-15; January 18, 2011 Case Management Order ¶ 5.

///

1

1     Based on the record as a whole and the applicable law, the decision of the
2   Commissioner is REVERSED AND REMANDED for further proceedings
3   consistent with this Memorandum Opinion and Order of Remand because the
4   Administrative Law Judge ("ALJ") failed properly to consider significant
5   probative medical opinion evidence.

6   **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
7   **DECISION**

8     On January 19, 2006, plaintiff filed an application for Supplemental
9   Security Income benefits.  (Administrative Record ("AR") 32, 75).  Plaintiff
10  asserted that he became disabled on March 31, 1991, due to seizures, a missing
11  right eye and part of left shoulder, headaches, and gun shot in the head.  (AR 86).
12  The ALJ examined the medical record and heard testimony from plaintiff (who
13  was represented by counsel) and a vocational expert on November 3, 2006 ("Pre-
14  Remand Hearing").  (AR 7-26).

15    On November 29, 2007, the ALJ determined that plaintiff was not disabled
16  through the date of the decision ("Pre-Remand Decision").  (AR 32-39, 209).  The
17  Appeals Council denied plaintiff's application for review of the ALJ's Pre-
18  Remand Decision.  (AR 209).

19    On August 26, 2009, in Case No. EDCV 08-259 JC, a judgment was entered
20  in the United States District Court for the Central District of California, reversing
21  and remanding the case for further proceedings because the ALJ failed adequately
22  to develop the record with respect to plaintiff's treating physician.  (AR 220-32).
23  The Social Security Administration, in turn, remanded the case for a new hearing.
24  (AR 234).  On May 18, 2010, the ALJ held a post-remand hearing ("Post-Remand
25  Hearing") during which the ALJ heard testimony from plaintiff (who was
26  ///
27  ///
28  ///

1   represented by counsel), a medical expert, and plaintiff's girlfriend.[1]  (AR 409-46).

2   At the end of the Post-Remand Hearing, the ALJ granted plaintiff's request for a

3   consultative psychological examination.[2]  (AR 443).

4       On October 19, 2010, the ALJ issued his decision, incorporating by

5   reference the Pre-Remand Decision, and supplementing such decision ("Post-

6   Remand Decision").  (AR 188-96).  Specifically, the ALJ found:  (1) plaintiff

7   suffered from the following severe impairments:  history of gunshot wound to the

8   left shoulder and head with blindness in the right eye, seizure disorder, and

9   dysthymic disorder (AR 190); (2) plaintiff's impairments, considered singly or in

10  combination, did not meet or medically equal one of the listed impairments (AR

11  190-91); (3) plaintiff retained the residual functional capacity to perform light

12  work (20 C.F.R. § 416.967(b)) with certain limitations[3] (AR 191); (4) plaintiff has

13  no past relevant work (AR 194); (5) there are jobs that exist in significant numbers

14  in the national economy that plaintiff could perform, specifically cleaner in

15  housekeeping, inspector/hand packager, and cashier (AR 194-95); and

16  (6) plaintiff's allegations regarding his limitations were not credible to the extent

17

18  _____

19      [1]Although the transcript of the Post-Remand Hearing indicates that Corinne Porter, a

20  vocational expert, appeared (AR 409), the transcript does not contain any testimony from such
    vocational expert.  (AR 410-46).

21      [2]Where it is necessary to enable the ALJ to resolve an issue of disability, the duty to

22  develop the record may require consulting a medical expert or ordering a consultative
    examination.  See 20 C.F.R. § 416.919a; see, e.g., Armstrong v. Commissioner of Social Security

23  Administration, 160 F.3d 587, 590 (9th Cir. 1998) (where there were diagnoses of mental
    disorders prior to the date of disability found by the ALJ, and evidence of those disorders even

24  prior to the diagnoses, the ALJ was required to call a medical expert to assist in determining

25  when the plaintiff's impairments became disabling).

26      [3]The ALJ determined that plaintiff could perform light work, but:  (i) would be limited to

27  simple repetitive tasks; (ii) would miss work one to two times per month; (iii) could only
    occasionally use his left arm; (iv) could not fully extend his left arm above his head; and

28  (v) could see only from the left eye.  (AR 191).

1  they were inconsistent with the ALJ's residual functional capacity assessment (AR
2  192).

3  **III.   APPLICABLE LEGAL STANDARDS**

4      **A.   Sequential Evaluation Process**

5          To qualify for disability benefits, a claimant must show that the claimant is
6  unable to engage in any substantial gainful activity by reason of a medically
7  determinable physical or mental impairment which can be expected to result in
8  death or which has lasted or can be expected to last for a continuous period of at
9  least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing
10  42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of
11  performing the work claimant previously performed and incapable of performing
12  any other substantial gainful employment that exists in the national economy.
13  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C.
14  § 423(d)(2)(A)).

15          In assessing whether a claimant is disabled, an ALJ is to follow a five-step
16  sequential evaluation process:

17      (1)   Is the claimant presently engaged in substantial gainful activity?  If
18            so, the claimant is not disabled.  If not, proceed to step two.

19      (2)   Is the claimant's alleged impairment sufficiently severe to limit
20            claimant's ability to work?  If not, the claimant is not disabled.
21            If so, proceed to step three.

22      (3)   Does the claimant's impairment, or combination of
23            impairments, meet or equal an impairment listed in 20 C.F.R.
24            Part 404, Subpart P, Appendix 1?  If so, the claimant is
25            disabled.  If not, proceed to step four.

26      (4)   Does the claimant possess the residual functional capacity to
27            perform claimant's past relevant work?  If so, the claimant is
28            not disabled.  If not, proceed to step five.

4

(5)     Does the claimant's residual functional capacity, when
        considered with the claimant's age, education, and work
        experience, allow claimant to adjust to other work that exists in
        significant numbers in the national economy?  If so, the
        claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

1    **IV.    DISCUSSION**

2         Plaintiff contends that a reversal or remand is warranted because the ALJ

3    failed properly to consider the opinions of Dr. Mark D. Pierce, a consultative

4    examining psychologist.  (Plaintiff's Motion at 5-6) (citing AR 403).  As

5    discussed in detail below, the Court agrees.  As the Court cannot find that the

6    ALJ's error was harmless, a remand is warranted.

7         **A.    Pertinent Law**

8         In Social Security cases, courts employ a hierarchy of deference to medical

9    opinions depending on the nature of the services provided.  Courts distinguish

10   among the opinions of three types of physicians:  those who treat the claimant

11   ("treating physicians") and two categories of "nontreating physicians," namely

12   those who examine but do not treat the claimant ("examining physicians") and

13   those who neither examine nor treat the claimant ("nonexamining physicians").

14   Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A

15   treating physician's opinion is entitled to more weight than an examining

16   physician's opinion, and an examining physician's opinion is entitled to more

17   weight than a nonexamining physician's opinion.[4]  See id.  In general, the opinion

18   of a treating physician is entitled to greater weight than that of a non-treating

19   physician because the treating physician "is employed to cure and has a greater

20   opportunity to know and observe the patient as an individual."  Morgan v.

21   Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir.

22   1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

23        The treating physician's opinion is not, however, necessarily conclusive as

24   to either a physical condition or the ultimate issue of disability.  Magallanes v.

25   _____

26        [4]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to
27   draw bright line distinguishing treating physicians from non-treating physicians; relationship is
     better viewed as series of points on a continuum reflecting the duration of the treatment
28   relationship and frequency and nature of the contact) (citation omitted).

1   Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d

2   759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not

3   contradicted by another doctor, it may be rejected only for clear and convincing

4   reasons.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

5   quotations omitted).  The ALJ can reject the opinion of a treating physician in

6   favor of a conflicting opinion of another examining physician if the ALJ makes

7   findings setting forth specific, legitimate reasons for doing so that are based on

8   substantial evidence in the record.  Id.  (citation and internal quotations omitted);

9   Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by

10  setting out detailed and thorough summary of facts and conflicting clinical

11  evidence, stating his interpretation thereof, and making findings) (citations and

12  quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite

13  "magic words" to  reject a treating physician opinion – court may draw specific

14  and legitimate inferences from ALJ's opinion).  "The ALJ must do more than offer

15  his conclusions."  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He

16  must set forth his own interpretations and explain why they, rather than the

17  [physician's], are correct."  Id.  "Broad and vague" reasons for rejecting the

18  treating physician's opinion do not suffice.  McAllister v. Sullivan, 888 F.2d 599,

19  602 (9th Cir. 1989).  These standards also apply to opinions of examining

20  physicians.  See Andrews v. Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

21          **B.    Pertinent Facts**

22          On June 23, 2010, Dr. Mark Pierce, a state agency psychologist, conducted

23  a psychological evaluation of plaintiff which included a mental status evaluation

24  and objective psychological testing.[5]  (AR 398-407).  Based on his examination of

25  plaintiff, a review of plaintiff's medical records, and the results of the objective

26  _____

27          [5]Dr. Pierce administered the following tests:  Wechsler Adult Intelligence Scale-III;
    Wechsler Memory Scale-III; Test of Malingered Memory; Minnesota Multiphasic Personality
28  Inventory – Second Edition (MMPI-II).  (AR 398).

testing, Dr. Pierce opined, in pertinent part, that plaintiff (i) did not appear to
perform to his full capabilities during objective testing; (ii) could "complete
simple and repetitive vocational skills;" (iii) could adapt to minimal changes in a
work environment; (iv) "may show potential difficulty working effectively with
others"; (v) could remember and comply with simple one and two part
instructions; and (vi) might be able to concentrate adequately for a regular work
schedule during a full work week.  (AR 403).

In the Post-Remand Decision, the ALJ noted the following regarding Dr.
Pierce's opinions:

> Dr. Pierce diagnosed [plaintiff] with dysthymic disorder and
> concluded [plaintiff] could perform simple repetitive tasks, may have
> some difficulty working with others, and may be capable of
> concentrating adequately for a regular work schedule. . . .  [¶]  [T]he
> undersigned gives . . . great weight to Dr. Pierce's opinion limiting
> [plaintiff] to simple repetitive tasks.

(AR 194) (citing Ex. 23 F at 6 [AR 403]).

### C.    Analysis

Plaintiff argues that the ALJ failed properly to account for Dr. Pierce's
opinion that plaintiff "may have some difficulty working with others."  (Plaintiff's
Motion at 5-6).  The Court agrees.

In the Post-Remand Decision, the ALJ did not explain the weight, if any,
given to Dr. Pierce's opinion that plaintiff may be limited in his ability to work
effectively with others.  Nor did the ALJ include any limitation on plaintiff's
ability to work with others in the residual functional capacity assessment for
plaintiff or in the hypothetical question posed to the vocational expert.  (AR 25,
191).  The ALJ's failure to account for such limitation was legal error.  See
Lingenfelter v. Astrue, 504 F.3d 1028, (9th Cir. 2007) ("[W]hen the ALJ
completely ignores or neglects to mention a treating physician's medical opinion

1  that is relevant to the medical evidence being discussed . . . [the case] should be
2  remanded to the agency for proper consideration of the evidence.") (citation
3  omitted).

4         The Court cannot find such error harmless.  At the Pre-Remand Hearing, the
5  vocational expert testified that there would be no jobs available in the national
6  economy for plaintiff (or a hypothetical person with plaintiff's characteristics) if
7  such person's "symptoms and problems" caused him to be "off task"
8  approximately 20 percent of the time.  (AR 26).  Here, it is unclear from the
9  current record whether a limitation in plaintiff's ability to work effectively with
10 others might cause plaintiff to be "off task" for any period of time which would be
11 material to a disability determination (*e.g.*, 20 percent of the time or greater).  The
12 Court therefore cannot conclude that the vocational expert would have opined (or
13 that the ALJ relying upon such opinion would have determined) that plaintiff
14 could perform work which exists in significant numbers in the national economy if
15 the ALJ had included in the hypothetical question plaintiff's asserted limitation in
16 his ability to work effectively with others.  Accordingly, the Court cannot find the
17 ALJ's error was harmless.

18        To the extent defendant argues that the ALJ properly disregarded Dr.
19 Pierce's opinion because it was based on speculation (*e.g.*, not significant
20 probative evidence), such argument lacks merit.  (Defendant's Motion at 6-8).
21 Here, the ALJ found such evidence significant enough to mention in the Post-
22 Remand Decision.  Although, as defendant also suggests, the ALJ may ultimately
23 determine that plaintiff's limitation in his ability to work with others is "mild" and
24 not inconsistent with the jobs identified by a vocational expert, the ALJ did not do
25 so in the Post-Remand Decision.  This Court is constrained to review the reasons
26 cited by the ALJ.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

27        Accordingly, this case must be remanded to permit the ALJ properly to
28 consider the medical opinion evidence.

1

**V.    CONCLUSION**[6]

2

For the foregoing reasons, the decision of the Commissioner of Social

3

Security is reversed in part, and this matter is remanded for further administrative

4

action consistent with this Opinion.[7]

5

LET JUDGMENT BE ENTERED ACCORDINGLY.

6

DATED:  September 30, 2011

7

_____
                                          /s/

8

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

_____

23

[6]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

24

25

[7]When a court reverses an administrative determination, "the proper course, except in rare

26

circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and

27

quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.

28

1989).