UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY COOK, | ) Case No. EDCV 11-29 JC |
|     Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND |
|     v. | ) ORDER OF REMAND |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## I.   SUMMARY

On January 13, 2011, plaintiff Danny Cook ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 18, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed properly to consider significant probative medical opinion evidence.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 19, 2006, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 32, 75). Plaintiff asserted that he became disabled on March 31, 1991, due to seizures, a missing right eye and part of left shoulder, headaches, and gun shot in the head. (AR 86). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on November 3, 2006 ("Pre-Remand Hearing"). (AR 7-26).

On November 29, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision ("Pre-Remand Decision"). (AR 32-39, 209). The Appeals Council denied plaintiff's application for review of the ALJ's Pre-Remand Decision. (AR 209).

On August 26, 2009, in Case No. EDCV 08-259 JC, a judgment was entered in the United States District Court for the Central District of California, reversing and remanding the case for further proceedings because the ALJ failed adequately to develop the record with respect to plaintiff's treating physician. (AR 220-32). The Social Security Administration, in turn, remanded the case for a new hearing. (AR 234). On May 18, 2010, the ALJ held a post-remand hearing ("Post-Remand Hearing") during which the ALJ heard testimony from plaintiff (who was

///
///
///

represented by counsel), a medical expert, and plaintiff's girlfriend.[1] (AR 409-46). At the end of the Post-Remand Hearing, the ALJ granted plaintiff's request for a consultative psychological examination.[2] (AR 443).

On October 19, 2010, the ALJ issued his decision, incorporating by reference the Pre-Remand Decision, and supplementing such decision ("Post-Remand Decision"). (AR 188-96). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: history of gunshot wound to the left shoulder and head with blindness in the right eye, seizure disorder, and dysthymic disorder (AR 190); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 190-91); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with certain limitations[3] (AR 191); (4) plaintiff has no past relevant work (AR 194); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically cleaner in housekeeping, inspector/hand packager, and cashier (AR 194-95); and (6) plaintiff's allegations regarding his limitations were not credible to the extent

---

[1] Although the transcript of the Post-Remand Hearing indicates that Corinne Porter, a vocational expert, appeared (AR 409), the transcript does not contain any testimony from such vocational expert. (AR 410-46).

[2] Where it is necessary to enable the ALJ to resolve an issue of disability, the duty to develop the record may require consulting a medical expert or ordering a consultative examination. See 20 C.F.R. § 416.919a; see, e.g., Armstrong v. Commissioner of Social Security Administration, 160 F.3d 587, 590 (9th Cir. 1998) (where there were diagnoses of mental disorders prior to the date of disability found by the ALJ, and evidence of those disorders even prior to the diagnoses, the ALJ was required to call a medical expert to assist in determining when the plaintiff's impairments became disabling).

[3] The ALJ determined that plaintiff could perform light work, but: (i) would be limited to simple repetitive tasks; (ii) would miss work one to two times per month; (iii) could only occasionally use his left arm; (iv) could not fully extend his left arm above his head; and (v) could see only from the left eye. (AR 191).

they were inconsistent with the ALJ's residual functional capacity assessment (AR 192).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

      (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed properly to consider the opinions of Dr. Mark D. Pierce, a consultative examining psychologist. (Plaintiff's Motion at 5-6) (citing AR 403). As discussed in detail below, the Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[4] See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v.

---

[4] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). These standards also apply to opinions of examining physicians. See Andrews v. Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

### B. Pertinent Facts

On June 23, 2010, Dr. Mark Pierce, a state agency psychologist, conducted a psychological evaluation of plaintiff which included a mental status evaluation and objective psychological testing.[5] (AR 398-407). Based on his examination of plaintiff, a review of plaintiff's medical records, and the results of the objective

---

[5]Dr. Pierce administered the following tests: Wechsler Adult Intelligence Scale-III; Wechsler Memory Scale-III; Test of Malingered Memory; Minnesota Multiphasic Personality Inventory – Second Edition (MMPI-II). (AR 398).

testing, Dr. Pierce opined, in pertinent part, that plaintiff (i) did not appear to perform to his full capabilities during objective testing; (ii) could "complete simple and repetitive vocational skills;" (iii) could adapt to minimal changes in a work environment; (iv) "may show potential difficulty working effectively with others"; (v) could remember and comply with simple one and two part instructions; and (vi) might be able to concentrate adequately for a regular work schedule during a full work week. (AR 403).

In the Post-Remand Decision, the ALJ noted the following regarding Dr. Pierce's opinions:

> Dr. Pierce diagnosed [plaintiff] with dysthymic disorder and concluded [plaintiff] could perform simple repetitive tasks, may have some difficulty working with others, and may be capable of concentrating adequately for a regular work schedule. . . . [¶] [T]he undersigned gives . . . great weight to Dr. Pierce's opinion limiting [plaintiff] to simple repetitive tasks.

(AR 194) (citing Ex. 23 F at 6 [AR 403]).

### C. Analysis

Plaintiff argues that the ALJ failed properly to account for Dr. Pierce's opinion that plaintiff "may have some difficulty working with others." (Plaintiff's Motion at 5-6). The Court agrees.

In the Post-Remand Decision, the ALJ did not explain the weight, if any, given to Dr. Pierce's opinion that plaintiff may be limited in his ability to work effectively with others. Nor did the ALJ include any limitation on plaintiff's ability to work with others in the residual functional capacity assessment for plaintiff or in the hypothetical question posed to the vocational expert. (AR 25, 191). The ALJ's failure to account for such limitation was legal error. See Lingenfelter v. Astrue, 504 F.3d 1028, (9th Cir. 2007) ("[W]hen the ALJ completely ignores or neglects to mention a treating physician's medical opinion

that is relevant to the medical evidence being discussed . . . [the case] should be remanded to the agency for proper consideration of the evidence.") (citation omitted).

The Court cannot find such error harmless. At the Pre-Remand Hearing, the vocational expert testified that there would be no jobs available in the national economy for plaintiff (or a hypothetical person with plaintiff's characteristics) if such person's "symptoms and problems" caused him to be "off task" approximately 20 percent of the time. (AR 26). Here, it is unclear from the current record whether a limitation in plaintiff's ability to work effectively with others might cause plaintiff to be "off task" for any period of time which would be material to a disability determination (*e.g.*, 20 percent of the time or greater). The Court therefore cannot conclude that the vocational expert would have opined (or that the ALJ relying upon such opinion would have determined) that plaintiff could perform work which exists in significant numbers in the national economy if the ALJ had included in the hypothetical question plaintiff's asserted limitation in his ability to work effectively with others. Accordingly, the Court cannot find the ALJ's error was harmless.

To the extent defendant argues that the ALJ properly disregarded Dr. Pierce's opinion because it was based on speculation (*e.g.*, not significant probative evidence), such argument lacks merit. (Defendant's Motion at 6-8). Here, the ALJ found such evidence significant enough to mention in the Post-Remand Decision. Although, as defendant also suggests, the ALJ may ultimately determine that plaintiff's limitation in his ability to work with others is "mild" and not inconsistent with the jobs identified by a vocational expert, the ALJ did not do so in the Post-Remand Decision. This Court is constrained to review the reasons cited by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

Accordingly, this case must be remanded to permit the ALJ properly to consider the medical opinion evidence.

1  **V.     CONCLUSION**[6]

2      For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[7]

5      LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED: September 30, 2011

                                           /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE

---

[6]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[7]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).